723 A.2d 1250

JOSEPH VENTRESCO AND STEPHEN J. TOBER, PLAINTIFFS–APPELLANTS, v. GOKVLESH CONVENIENCE, INC. T/A M & S CONVENIENCE STORE, DEFENDANT–RESPONDENT, AND VINCENT TORRES [1], DEFENDANT.

Superior Court of New Jersey
Appellate Division

Submitted January 26, 1999—Decided February 24, 1999.

---

[1] Vincent Torres is allegedly one of the assailants, who was neither located nor served in this matter.

474

Before Judges LONG, KESTIN and CARCHMAN.

*Drazin and Warshaw,* attorneys for appellants (*John R. Connelly, Jr.,* on the brief).

*Stephen E. Gertler,* attorney for respondent.

The opinion of the court was delivered by

LONG, P.J.A.D.

Joseph Ventresco and Stephen J. Tober (jointly "plaintiffs") appeal from the grant of summary judgment in favor of defendant Gokvlesh Convenience, Inc. t/a M & S Convenience Store in connection with the complaint plaintiffs filed against defendant for negligence. Plaintiffs' complaint arose out of injuries they received in a fracas in front of defendant's grocery store in Long Branch.

Defendant moved for summary judgment on the ground that it owed no duty to plaintiffs who were assaulted outside the store. In opposition to the motion, plaintiffs asserted the following facts, appearing in their sworn deposition testimony. On July 17, 1994, plaintiffs entered M & S Convenience Store along with a friend, Nicholas Suozzo, after a bike ride. As they entered, they encountered another group of men leaving the establishment. One of the men bumped into Suozzo who said, "excuse me." The other man then cursed Suozzo, gestured at him obscenely, left the store and ultimately left the area in a car with his group. Subsequently, plaintiffs and Suozzo purchased their items and left the store. When they emerged, both the store's parking lot and the sidewalk in front of the store where they had left their bikes were empty. Suddenly, cars began to pull up, including a car with the men from the prior encounter. Other groups of men converged and eventually a crowd of twelve or more arrived.

Ventresco sensed that there would be trouble, went into the store, and asked the store employee to call the police. The employee did not respond; the police were not called. Ventresco returned to the parking lot, and thereafter he, Tober and Suozzo were assaulted by the crowd. Ventresco was struck in the head with a belt buckle causing him to bleed. He ran inside the store and again appealed to the store employee to call the police. The employee did not do so, instead indicating that he knew the men in the other group and that he would talk to them. Tober was punched in the head several times. Plaintiffs tried to fight back by throwing bottles at their assailants. Tober tried getting back into the store, but "the guy inside the store pushed me out and held the door closed." Ventresco verified that the store worker pushed them out and held the door against them. Eventually the police arrived but not before plaintiffs had sustained injuries.

As might be expected, defendant's version of events was entirely different from that related by plaintiffs. M & S indicated, for example, that its employee tried to stop the argument; that it was only when plaintiffs started throwing the store's stock of beverage bottles at their assailants that the employee kept them out of the store; and that at that point, he in fact called the police.

For the purposes of the summary judgment motion, the facts had to be viewed in a light most favorable to the non-moving party. *R.* 4:46–2. Defendant thus accepted plaintiffs' version and argued that, on plaintiffs' facts, as a matter of law, no duty was owed. The trial judge agreed. Plaintiffs appeal. We reverse.

In moving for summary judgment, defendant relied on *Butler v. Acme Markets, Inc.,* 89 *N.J.* 270, 445 *A.*2d 1141 (1982) and *Clohesy v. Food Circus Supermarkets, Inc.,* 293 *N.J.Super.* 217, 679 *A.*2d 1230 (App.Div.1996), *rev'd,* 149 *N.J.* 496, 694 *A.*2d 1017 (1997). *Butler* and *Clohesy* both affirmed the well-established principle that the proprietor of a commercial establishment has a duty to use reasonable care to make the premises safe and to protect its patrons from assault by employees or others. *See also Brody v. Albert Lifson & Sons, Inc.,* 17 *N.J.* 383, 389, 111 *A.*2d 504 (1955).

*Butler* and *Clohesy* both involved a criminal assault on a patron outside the presence of the store owner. Each turned on the question of whether the store owner should have foreseen the assaults and protected against them. In *Butler*, the court held that because a number of similar assaults had occurred at the Acme Market, the crime was foreseeable and the store owner had a duty to protect against it. *Butler, supra*, 89 *N.J.* at 275, 445 *A.*2d 1141. In *Clohesy*, a divided panel of this court held that because prior similar criminal acts had not occurred in the supermarket parking lot, the crime was not foreseeable and the defendant owed no duty to the plaintiff. *Clohesy, supra*, 149 *N.J.* at 501, 694 *A.*2d 1017. In reversing the Appellate Division opinion, the Supreme Court held that the question of whether a duty exists is not dependent upon the existence of prior similar incidents even though foreseeability is a driving consideration. Instead, the totality of circumstances controls the question of duty. *Id.* at 508, 694 *A.*2d 1017.

Despite the fact that both parties here argued the case in terms of foreseeability, that is not the issue. Here, the store employee was actually present during the entire encounter and observed the assault on the patrons. This case falls directly within the Restatement (Second) of Torts § 344, 1963–64:

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

    (a) discover that such acts are being done or are likely to be done, or

    (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

    [*Restatement (Second) of Torts*, Sec. 344, (1963–64 Main Vol.).] .

Comment (f) to this Restatement section adds:

f. Duty to police premises. Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care *until he knows or has reason to know that the acts of the third person are occurring, or are about to occur.*

    [*Restatement (Second) of Torts*, Sec. 344 at 225–226, Comment (f) (1963-64 Main Vol.) (emphasis added).]

Whether the proprietor's awareness of danger to the customer is such that it will subject him or her to liability is a question of fact. All that is required is sufficient information to apprise the proprietor of the existence of danger and enough time to act on behalf of the patron's safety. *Dubak v. Burdette Tomlin Memorial Hosp.*, 233 *N.J.Super.* 441, 459, 559 *A.2d* 424 (App.Div.1989) (holding that a tavern owner, if time allows, must contact the police in the event of a disturbance in order to prevent injury to patrons). *See Gould v. Taco Bell*, 239 *Kan.* 564, 722 *P.2d* 511, 515 (1986) (holding the "sequence of conduct" was sufficient for liability where the employee observed loud, offensive comments by the assailants for several minutes prior to the attack on the patrons and watched the verbal and physical altercations yet made no effort to stop them or call the police despite repeated pleas by the victims); *Kimple v. Foster*, 205 *Kan.* 415, 469 *P.2d* 281, 281 (1970) (holding a tavern owner liable for plaintiffs' injuries from assault by other patrons for failing to call the police even though tavern employees were repeatedly urged by plaintiffs and other patrons to do so because "trouble [was] expected"); *Atkins v. Frazell*, 470 *So.2d* 505, 514 (La.Ct.App.1985) (holding proprietor breached duty owed to patrons when manager heard vicious verbal exchange between patron and assailant, heard assailant threaten patron with physical violence, witnessed assailant retrieve a weapon, and "watch[ed], as an interested spectator, the brutal beating" instead of calling the police); *Eastep v. Jack–in–the–Box, Inc.*, 546 *S.W.2d* 116, 119–20 (Tex.Civ.App.1977) (holding restaurant liable for plaintiffs' injuries because restaurant employee failed to call the police after plaintiffs were taunted by a raucous group at a neighboring table for several minutes and subsequent physical violence ensued). *See also,* Joan Teshima, Annotation, *Tavernkeeper's Liability To Patron For Third Person's Assault*, 43 ALR 4th 281, § 9[a] (1986).

■ Here, the store employee (according to plaintiffs' version) knew plaintiffs' assailants; observed the encounter in the store; saw that the assault was about to occur; and stood by while it actually did occur. Plaintiffs asked for the police to be called (which the employee acknowledges he delayed in doing) and to be

harbored safely within the store when the assault began. According to plaintiffs, the store employee did none of these things. In our view, it was for the jury to determine what actually occurred and whether the action the store employee took was adequate under the "totality of circumstances" to meet his duty to provide safe commercial premises. *Clohesy, supra,* 149 *N.J.* at 520, 694 *A.*2d 1017. Summary judgment should not have been granted under the standards of *Brill v. Guardian Life Ins. Co. of Am.,* 142 *N.J.* 520, 666 *A.*2d 146 (1995).

The judgment is reversed and the matter remanded for trial.